IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN A.U.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-07567-MWJS<br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 221-492-176 |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Franklin A.U.[1] is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Petitioner entered the country without inspection around May 2021. *Franklin A.U. v. Warden, California City Corr. Facility*, No. 1:26-cv-02988-MWJS, 2026 WL 1423566, at *1 (E.D. Cal. May 20, 2026). On January 1, 2026, Petitioner was arrested on a domestic violence charge, and he was taken into immigration custody. *Id.*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner previously filed a habeas petition arguing that he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* The court granted the petition in part, and Petitioner received a bond hearing. *See* Certificate of Compliance, *Franklin A.U.*, No. 1:26-cv-02988-MWJS (E.D. Cal. May 27, 2026), Dkt. No. 17. After that hearing, an immigration judge denied Petitioner's bond request on May 27, 2026. *Id.* The immigration judge concluded that Petitioner is a flight risk and he would be a danger to the community. *Id.*

The court received Petitioner's current petition on September 17, 2026. Dkt. No. 1, at pg. 1. In this petition, Petitioner challenges the May 27, 2026, bond decision, arguing that the immigration judge abused their discretion. *Id.* at pgs. 25–27. At various points, Petitioner also notes that he has been detained for more than eight months.[2] *Id.* at pgs. 21, 27. Respondent moved to dismiss the petition, Dkt. No. 12, and Petitioner did not respond to the motion as ordered by the court, Dkt. No. 10.

To the extent Petitioner seeks to challenge the immigration judge's bond decision, he has not exhausted his administrative remedies. Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies. *See*

[2] The fill-in-the-blank petition also includes arguments relating to non-citizens who were released by immigration authorities and then re-detained. *See, e.g.*, Dkt. No. 1, at pgs. 8–25. Those arguments are not relevant here because nothing in the current record suggests that immigration authorities released Petitioner prior to detaining him in January 2026.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006). Where a petitioner has failed to do so, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

Exhaustion in this context is prudential rather than jurisdictional. Accordingly, the court must determine whether exhaustion here should be excused. That determination turns on the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

Regarding the first factor, where, as here, a petitioner has already received a bond hearing and the administrative remedy remaining is an appeal to the Board of Immigration Appeals (BIA), agency expertise is not strictly necessary to generate a further record for decision. *See Okoth v. Kaiser*, No. 1:25-cv-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Kithima v. Albarran*, No. 1:26-cv-1659-DJC-JDP, 2026

WL 1078236, at *2 (E.D. Cal. Apr. 21, 2026). The first *Puga* factor therefore weighs against requiring exhaustion.

The second and third factors, however, weigh strongly in favor of requiring it. Section 1226(a) and its implementing regulations establish a comprehensive process for custody determinations, including the right to a bond hearing before an immigration judge and appellate review by the BIA. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). The Ninth Circuit has held that these procedures are facially constitutional. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022).

Here, Petitioner participated in the bond hearing process and received an adverse ruling. Nothing in the current record suggests, however, that Petitioner appealed that ruling to the BIA. On the second factor, therefore, granting federal habeas relief under these circumstances would permit Petitioner to bypass the appellate tier of the administrative scheme. And allowing Petitioner to do so here would invite other detainees to do the same. *See Kithima*, 2026 WL 1078236, at *2–3; *see also Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025).

On the third factor, the BIA has authority to review the immigration judge's bond determination, including its factual findings and application of the applicable legal standards. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii). If Petitioner had appealed and prevailed, this litigation would not be necessary. In addition, an appeal to the BIA would create a more fully developed record to support any judicial review that follows.

*Kithima*, 2026 WL 1078236, at *3. The second and third *Puga* factors therefore favor requiring exhaustion.

Even where the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Petitioner has not demonstrated that an appeal to the BIA would have been inadequate or unavailing. Nor has Petitioner shown that the BIA lacked the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling. As already noted, the BIA has precisely that authority, *see* 8 C.F.R. § 1003.1(d)(3), and Petitioner points to no case-specific barrier to obtaining meaningful review.[3] *See Kithima*, 2026 WL 1078236, at *3; *Martinez*, 2025 WL 2689844, at *6.

To the extent Petitioner challenges the duration of his detention, the relevant detention authority in this case is 8 U.S.C. § 1226(a). *See Franklin A.U.*, 2026 WL 1423566, at *1. Section 1226(a) authorizes the government to detain a noncitizen

---

[3] If, at some point, Petitioner believes that circumstances have changed since his first bond hearing, he may request another bond redetermination hearing before an immigration judge. *See* 8 C.F.R. § 1003.19(e); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Petitioner may then seek review of any bond redetermination decision by the BIA. See 8 C.F.R. 1003.19(f); *Rodriguez Diaz*, 53 F.4th at 1197.

"pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of such detention, it is well settled that it cannot be indefinite. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). As the Ninth Circuit has held, detention under 8 U.S.C. § 1226(a) is limited to the "period reasonably necessary to bring about an alien's removal from the United States." *Id.* (cleaned up). Thus, a noncitizen cannot remain indefinitely detained under 8 U.S.C. § 1226(a) in "removable-but-unremovable limbo"—for example, where the noncitizen's country of origin has refused to accept them or that country has not signed a repatriation treaty with the United States. *Id.* at 1062–63. The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, however, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for more than eight months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Thus, habeas relief is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-cv-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

For the foregoing reasons, the petition, Dkt. No. 1, is DISMISSED without prejudice. Considering the foregoing, any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: October 7, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge